1

2

3

4

5

6

7

8            **UNITED STATES DISTRICT COURT**

9                EASTERN DISTRICT OF CALIFORNIA

10

11    DONTE SUTTON,                          Case No.  1:23-cv-01633-BAM (PC)

12              Plaintiff,                   ORDER GRANTING PLAINTIFF'S MOTION
                                             FOR EXTENSION OF TIME TO FILE
13        v.                                 AMENDED COMPLAINT

14    ALTAMIRANO, *et al.*,                  (ECF No. 9)

15              Defendants.                  **THIRTY (30) DAY DEADLINE**

16

17        Plaintiff Donte Sutton ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma*

18    *pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  On April 25, 2024, the Court

19    screened the complaint and granted Plaintiff leave to file an amended complaint or a notice of

20    voluntary dismissal within thirty days.  (ECF No. 8.)

21        Currently before the Court is Plaintiff's motion for a thirty-day extension of time to file

22    his amended complaint, filed May 28, 2024. (ECF No. 9.)  Plaintiff states that he has requested

23    documents from CDCR containing dates and times certain and other information regarding his

24    representations to correctional staff of suicidal ideations, including medical records documenting

25    his suicide attempts and treatment, but not limited thereto.  The information contained in these

26    documents is essential to the preparation of a detailed amended complaint as ordered.  Plaintiff

27    was not told by prison officials when he would receive the documents or how long it was going to

28    take to provide those documents.  Without the information in those documents, Plaintiff cannot

                                             1

1  prepare a successful amended complaint in conformity with Rule 8.  (*Id.*)

2       Having considered the request, Plaintiff has shown good cause for the requested extension

3  of time.  Fed. R. Civ. P. 6(b).

4       Plaintiff is reminded that his first amended complaint should be brief, Fed. R. Civ. P. 8(a),

5  but it must state what each named defendant did that led to the deprivation of Plaintiff's

6  constitutional rights, *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).  Although accepted as true,

7  the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative

8  level . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

9       Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated

10  claims in his first amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no

11  "buckshot" complaints).

12       Finally, Plaintiff is advised that an amended complaint supersedes the original complaint.

13  *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012).  Therefore, Plaintiff's amended

14  complaint must be "complete in itself without reference to the prior or superseded pleading."

15  Local Rule 220.

16       Accordingly, IT IS HEREBY ORDERED that:

17    1.  Plaintiff's motion for extension of time, (ECF No. 9), is GRANTED;

18    2.  Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a first

19       amended complaint curing the deficiencies identified by the Court's April 25, 2024

20       screening order (or file a notice of voluntary dismissal); and

21    3.  **If Plaintiff fails to comply with this order, this action will be dismissed, with**

22       **prejudice, for failure to obey a court order and for failure to state a claim.**

23

24  IT IS SO ORDERED.

25    Dated:   **May 29, 2024**          /s/ *Barbara A. McAuliffe*

26                       UNITED STATES MAGISTRATE JUDGE

27

28