# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONTE M. SUTTON, | Case No. 1:23-cv-1633-BAM (PC) |
| Plaintiff, | ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION |
| v. | |
| M. ALTAMIRANO, | FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS |
| Defendant. | |
| | (ECF No. 11) |
| | **FOURTEEN (14) DEADLINE** |

Plaintiff Donte M. Sutton ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. The Court screened Plaintiff's complaint, and Plaintiff was granted leave to amend. Plaintiff's first amended complaint is currently before the Court for screening. (ECF No. 11.)

**I.   Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**II.    Plaintiff's Allegations**

Plaintiff is currently housed at California Substance Abuse and Treatment Facility ("SATF") in Corcoran, California.  Plaintiff alleges that the events in the complaint occurred while he was housed at SATF.  Plaintiff names M. Altamirano, correctional officer, at Mule Creek State Prison, as the sole defendant.[1]

In claim 1, Plaintiff alleges violation of the Eighth Amendment for personal safety and medical care.  Plaintiff alleges he arrived at SATF on June 8, 2022.  When he arrived and while in R&R, Plaintiff informed the nurse that when he was previously at SATF in 2019, Plaintiff had attempted suicide by cutting his wrists resulting in placement on suicide watch.

On August 8, 2022, while housed on Facility D, building 3, Plaintiff approached officer M. Altamirano and asked to contact mental health staff.  Plaintiff said that Plaintiff was going to kill himself.  Altamirano asked Plaintiff if he was sure and stated that Altamirano was going to

---

[1] Plaintiff alleges the events in the first amended complaint occurred while he was housed at the Substance Abuse Treatment Facility, yet identifies that the M. Altamirano is a correctional officer at Mule Creek State Prison.  (ECF No. 11, p. 2.)  In Plaintiff's original complaint, Plaintiff identified M. Altamirano as a floor officer at SATF.  (ECF no. 1, p. 2.)

call someone and to calm down. Altamirano told Plaintiff to go lock it up and he would call someone. Plaintiff complied with the order and locked himself in his assigned cell. At about 2:00 p.m., during shift change, Altamirano left to go home. Sometime after, Plaintiff cut his left wrist. Plaintiff was escorted to medical where medical personnel glued his cut wrist together and bandaged it. Plaintiff told the attending nurse that Plaintiff had told Altamirano earlier in the day that Plaintiff was going to kill himself and asked Altamirano to contact mental health staff.

Plaintiff alleges that for two weeks prior to his suicide attempt on June 8, 2022,[2] he had asked Altamirano as well as officer Bonilla to contact mental health staff concerning Plaintiff struggles with suicidal ideations.[3] Each time Altamirano and Bonilla would tell Plaintiff to lock it up and they would call medical staff. During a recent meeting with mental health clinician, Plaintiff was told that no record exists which documents any contact by Altamirano to mental health staff concerning Plaintiff. Plaintiff alleges that despite his pleas and request and Altamirano's representation to Plaintiff that he would call medical staff, Altamirano did not contact medical staff on any occasion and interfered with Plaintiff's access to mental health treatment for a serious medical need, which lead to Plaintiff slicing his wrist.

In December 2022, Plaintiff swallowed a mixture of toxic cleaning chemicals and heroin in an attempt to kill himself after asking Altamirano to contact mental staff because Plaintiff wanted to die and was certain that Plaintiff would take effort to kill himself. Altamirano did not contact mental health staff and Plaintiff ended up drinking a toxic cocktail which resulted in being hospitalized.

Plaintiff believes that under CDCR policy, when an inmate informs custody staff that he is feeling or wants to commit self-harm or suicide custody staff are mandated to restrain the inmate,

---

[2] The Court believes the date of June 8, 2022 is in error, in that Plaintiff alleges his suicide attempt was on August 8, 2022.

[3] Bonilla is not named or listed as a defendant. The complaint's caption must contain the names of the defendants discussed in the body of the complaint. See Fed. R. Civ. P. 10(a) (Rule 10(a) requires that plaintiffs include the names of all parties in the caption of the complaint). The Court cannot have the complaint served on any of the parties discussed in the body of the Complaint. *See Soto v. Bd. of Prison Term*, No. CIV S-06-2502 RRB DAD P, 2007 WL 2947573, at *2 (E.D. Cal. Oct. 9, 2007) (The Court cannot order service of the Complaint without the names of the parties included in the caption of the Complaint).

and Plaintiff him in a secured area and monitor the inmate to proven self-harm, until mental health staff are summonsed to evaluate the prisoner. Plaintiff alleges that Altamirano did not follow policy, but instead directed Plaintiff to go lock it up in his cell with deliberate indifference to Plaintiff's health and safety.

Plaintiff cut his wrist in an effort to commit suicide after his attempts to gain access to mental health treatment were disregard by Altamirano.

As remedies, Plaintiff seeks declaratory relief, and compensatory and punitive damages.

### III. Discussion

#### A. Eight Amendment Deliberate Indifference to Medical Care

A prisoner's claim of inadequate medical care constitutes cruel and unusual punishment in violation of the Eighth Amendment where the mistreatment rises to the level of "deliberate indifference to serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). The two-part test for deliberate indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096.

A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "Deliberate indifference is a high legal standard," *Simmons v. Navajo Cty. Ariz.*, 609 F.3d 1011, 1019 (9th Cir. 2010); *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm. *Jett*, 439 F.3d at 1096. In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle*, 429 U.S. at 105–06). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. *See Wood*

4

*v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).

Liberally construing the first amended complaint, Plaintiff states a serious medical need in that he felt suicidal on August 8, 2022. Plaintiff alleges facts that Defendant's response was deliberately different. Plaintiff alleges that Defendant told Plaintiff that Defendant would call for a doctor and that Plaintiff asked medical personnel whether Altamirano had called for medical care for Plaintiff. Such personnel said that no record exists which documents any contact by Altamirano to mental health staff concerning Plaintiff. Plaintiff had been telling Altamirano for two weeks prior that Plaintiff felt suicidal and asked for medical. Liberally construing the allegations, Plaintiff states a cognizable claim for deliberate indifference for medical care for the incident on August 8, 2022.

Plaintiff fails to state a claim for the incident in December 2022. Unlike the allegations for the incident on August 8, 2022, the allegations do not infer a failure to call for a doctor merely because a doctor did not appear. Plaintiff's conclusory allegations are insufficient. Plaintiff fails to allege facts that Defendant knew of and disregarded an excessive risk to inmate health or safety.

**B. Declaratory Relief**

To the extent Plaintiff's complaint seeks a declaratory judgment, it is unnecessary. "A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." *Eccles v. Peoples Bank of Lakewood Village*, 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." *United States v. Washington*, 759 F.2d 1353, 1357 (9th Cir. 1985). If this action reaches trial and the jury returns a verdict in favor of Plaintiff, then that verdict will be a finding that Plaintiff's constitutional rights were violated. Accordingly, a declaration that any defendant violated Plaintiff's rights is unnecessary.

**C.    Title 15 and Policy Violation**

To the extent that any Defendant has not complied with applicable state statutes or prison

5

regulations, these deprivations do not support a claim under § 1983. Section 1983 only provides a cause of action for the deprivation of federally protected rights. *See*, e.g., *Nible v. Fink*, 828 Fed. Appx. 463 (9th Cir. 2020) (violations of Title 15 of the California Code of Regulations do not create private right of action); *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir. 2009) (section 1983 claims must be premised on violation of federal constitutional right); *Prock v. Warden*, No. 1:13-cv-01572-MJS (PC), 2013 WL 5553349, at *11–12 (E.D. Cal. Oct. 8, 2013) (noting that several district courts have found no implied private right of action under title 15 and stating that "no § 1983 claim arises for [violations of title 15] even if they occurred."); *Parra v. Hernandez*, No. 08cv0191-H (CAB), 2009 WL 3818376, at *3 (S.D. Cal. Nov. 13, 2009) (granting motion to dismiss prisoner's claims brought pursuant to Title 15 of the California Code of Regulations); *Chappell v. Newbarth*, No. 1:06-cv-01378-OWW-WMW (PC), 2009 WL 1211372, at *9 (E.D. Cal. May 1, 2009) (holding that there is no private right of action under Title 15 of the California Code of Regulations); *Tirado v. Santiago*, No. 1:22-CV-00724 BAM PC, 2022 WL 4586294, at *5 (E.D. Cal. Sept. 29, 2022), report and recommendation adopted, No. 1:22-CV-00724 JLT BAM PC, 2022 WL 16748838 (E.D. Cal. Nov. 7, 2022) (same).

## IV.  Conclusion and Recommendation

For the reasons stated, the Court finds that Plaintiff states a cognizable claim for deliberate indifference to medical care against Defendant M. Altamirano, correctional officer, in violation of the Eighth Amendment for the incident on August 8, 2022. Plaintiff's complaint fails to state any other cognizable claims against any other defendants. Despite being provided with the relevant pleading and legal standards, Plaintiff has been unable to cure the identified deficiencies and further leave to amend is not warranted. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a district judge to this action.

Furthermore, it is HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's first amended complaint, filed July 8, 2024, (ECF No. 11), for deliberate indifference to medical care against Defendant M. Altamirano, correctional officer, in violation of the Eighth Amendment for the incident on August 8,

2022; and

2. All other claims and defendants be dismissed based on Plaintiff's failure to state claims upon which relief may be granted.

* * *

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, as required by 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **July 12, 2024**        /s/ Barbara A. McAuliffe
                                UNITED STATES MAGISTRATE JUDGE