# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONTE SUTTON,<br><br>        Plaintiff,<br><br>    v.<br><br>ALTAMIRANO, *et al.*,<br><br>        Defendants. | Case No. 1:23-cv-01633-KES-BAM (PC)<br><br>ORDER GRANTING DEFENDANT'S UNOPPOSED MOTION FOR ADMINISTRATIVE RELIEF TO MODIFY THE DISCOVERY AND SCHEDULING ORDER<br><br>(ECF No. 26)<br><br>Exhaustion Motion Filing Deadline: **July 1, 2025**<br>Discovery Deadline: **October 31, 2025**<br>Dispositive Motion Deadline: **January 12, 2026** |

Plaintiff Donte Sutton ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's first amended complaint against Defendant Altamirano ("Defendant") for deliberate indifference to medical care for the incident on August 8, 2022, in violation of the Eighth Amendment.

Pursuant to the Court's December 2, 2024 discovery and scheduling order, exhaustion motions were to be filed by April 2, 2025, discovery was to be completed by August 2, 2025, and dispositive motions were to be filed by October 14, 2025. (ECF No. 24.)

Currently before the Court is Defendant's unopposed motion for administrative relief to modify the discovery and scheduling order, filed April 1, 2025. (ECF No. 26.) Defendant argues that good cause exists for a ninety-day extension of the deadlines to file a motion for summary

1 judgment for failure to exhaust administrative remedies, to complete all discovery, and to file a
2 dispositive motion. On the morning of March 27, 2025, Plaintiff informed defense counsel that
3 he had not received discovery requests propounded on February 3, 2025, and thus the parties were
4 unable to conduct discovery. Upon learning this information, Defendant immediately re-sent the
5 discovery requests and rescheduled the deposition to June 13, 2025. Due to the unexpected delay,
6 the parties will be unable to meet the current deadlines. Without Plaintiff's discovery responses,
7 Defendant cannot meaningfully assess the viability of the exhaustion defense. Additionally,
8 defense counsel will be on personal leave from April 25 to May 27, 2025, which will further limit
9 her ability to fully engage in this matter and comply with the current deadlines. Defense counsel
10 declares that during the meet and confer process, Plaintiff indicated that he would not oppose
11 modifying the discovery and scheduling order and seeking an extension to the deadlines. (*Id.*)

12 Plaintiff has not yet had an opportunity to file a response, but the Court finds a response is
13 unnecessary. The motion is deemed submitted. Local Rule 230(l).

14 Having considered the request, the Court finds good cause to grant the requested
15 modification of the discovery and scheduling order. Fed. R. Civ. P. 16(b)(4).

16 Defendant is unable to meet the current deadlines due to an unexpected delay after
17 Plaintiff did not receive Defendant's discovery requests. The Court further finds that Plaintiff
18 will not be prejudiced by the extension granted here. Extension of these deadlines will allow the
19 Court to address the potential issue of exhaustion before reaching the merits of Plaintiff's claims,
20 if applicable.

21 Accordingly, IT IS HEREBY ORDERED that:

22 1. Defendant's motion unopposed motion for administrative relief to modify the discovery
23 and scheduling order, (ECF No. 26), is GRANTED, as follows:
24     a. The deadline for filing motions for summary judgment for failure to exhaust
25        administrative remedies is extended from April 2, 2025 to **July 1, 2025**;
26     b. The deadline for completion of all discovery, including filing all motions to
27        compel discovery, is extended from August 2, 2025 to **October 31, 2025**;
28 ///

    c. The deadline for filing all dispositive motions (other than a motion for summary judgment for failure to exhaust) is extended from October 14, 2025 to **January 12, 2026**;

2. All other requirements set forth in the Court's December 2, 2024 discovery and scheduling order, (ECF No. 24), remain in place; and

3. **A request for an extension of a deadline set in this order must be filed on or before the expiration of the deadline in question and will only be granted on a showing of good cause**.

IT IS SO ORDERED.

Dated: **April 2, 2025**             /s/ *Barbara A. McAuliffe*
                                           UNITED STATES MAGISTRATE JUDGE