1
2
3
4
5
6
7
8               **UNITED STATES DISTRICT COURT**
9                    EASTERN DISTRICT OF CALIFORNIA
10

11   DONTE SUTTON,                          Case No.  1:23-cv-01633-KES-BAM (PC)

12              Plaintiff,                   FINDINGS AND RECOMMENDATIONS
                                            REGARDING DEFENDANT'S MOTION TO
13        v.                                 DISMISS FOR FAILURE TO PROSECUTE

14   ALTAMIRANO, *et al.*,                   (ECF No. 32)

15              Defendants.                  **FOURTEEN (14) DAY DEADLINE**

16

17        **I.      Introduction**

18        Plaintiff Donte Sutton ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma*

19   *pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  Currently before the Court is

20   Defendant's motion to dismiss for failure to prosecute under Federal Rules of Civil Procedure 37

21   and 41(b); or, in the alternative, to compel Plaintiff to respond to Defendant's discovery requests

22   and order Defendant's Request for Admissions deemed submitted.  (ECF No. 32.)  Plaintiff did

23   not file a response or otherwise oppose Defendant's motion, and the deadline to do so has now

24   expired.  The motion is deemed submitted.  Local Rule 230(l).

25        **II.     Relevant Procedural Background**

26        This action proceeds on Plaintiff's first amended complaint Defendant Altamirano

27   ("Defendant") for deliberate indifference to medical care for the incident on August 8, 2022, in

28   violation of the Eighth Amendment.

                                            1

Discovery in this action opened on December 2, 2024, with a deadline for filing motions for summary judgment for failure to exhaust administrative remedies of April 2, 2025, a deadline to complete all discovery of August 2, 2025, and a dispositive motion filing deadline of October 14, 2025.  (ECF No. 24.)

On January 30, 2025, Defendant mailed Plaintiff a notice of deposition scheduled for April 10, 2025.  (ECF No. 32-1, Declaration of Jiaye Zhou ("Zhou Decl.") ¶ 3.)  On February 3, 2025, Defendant propounded three sets of discovery: one set of requests for admission, one set of requests for production of documents, and one set of interrogatories.  (*Id.* ¶ 4.)

On March 27, 2025, defense counsel spoke with Plaintiff over the phone because Defendant had yet to receive Plaintiff's discovery responses.  Plaintiff informed defense counsel that he did not respond to the discovery on time because he had not yet received it.  (Zhou Decl. ¶ 5.)  Defendant re-sent the discovery requests to Plaintiff on the same day and rescheduled Plaintiff's deposition for June 13, 2025.  (*Id.*)

Shortly thereafter, on April 1, 2025, Defendant moved to modify the discovery and scheduling order to extend the deadline for filing a motion for summary judgment for failure to exhaust administrative remedies and to complete all discovery due to the unexpected delay after Plaintiff did not receive Defendant's discovery requests.  (ECF No. 26.)  The Court granted Defendant's unopposed motion and extended the deadline for filing motions for summary judgment for failure to exhaust administrative remedies to July 1, 2025, the deadline for completion of all discovery, including filing all motions to compel discovery, to October 31, 2025, and the deadline for filing dispositive motions to January 12, 2026.  (ECF No.  27.)

On April 15, 2025, the discovery requests re-sent to Plaintiff were returned to Defendant, and the envelope read "refused."  (Zhou Decl. ¶ 7.)  Defendant re-served the discovery requests for a third time on April 17, 2025, along with a letter reminding Plaintiff of his responsibilities to prosecute the case and comply with the Federal Rules of Civil Procedure.  (*Id.* ¶ 8; *See* ECF No. 28-1, Ex. 1.)  Plaintiff failed to respond to the discovery requests.  (Zhou Decl. ¶ 9.)

On June 4, 2025, Defendant filed a motion to compel Plaintiff to respond to Defendant's propounded written discovery, including interrogatories and requests for production of

documents, set one.  (ECF No. 28.)  The Court issued an order directing the parties to meet and confer regarding the discovery dispute, and to file a joint statement following the parties' conference.  The Court further stayed briefing on Defendant's motion to compel pending the outcome of the parties' meet and confer.  (ECF No. 29.)

On June 13, 2025, the parties filed their joint statement.  (ECF No. 30.)  The parties indicated that during the meet and confer process, Plaintiff informed defense counsel that he had recently placed into the Security Housing Unit ("SHU") due to an alleged inmate-on-inmate attack, pending an internal investigation.  As a result, Plaintiff claimed that he could not access his legal paperwork.  To facilitate the discovery process, Defendant agreed to send the discovery requests to Plaintiff for the fourth time, by June 10, 2025.  In return, Plaintiff agreed to respond to the discovery requests within thirty days, by July 10, 2025.  Additionally, because Plaintiff was in restraints, all depositions would be limited to a maximum of two hours per day, which is too short to conclude a deposition, and the June 12, 2025 deposition would not proceed as planned.  To schedule a new deposition, Plaintiff agreed to inform Defendant within three days after he was released back to the general population.  As of the date of the joint statement, Plaintiff was scheduled to be released back to the general population by August 19.  The parties requested that the Court extend the deadline to file a motion for summary judgment based on failure to exhaust administrative remedies to September 8, 2025, or sixty days after Plaintiff's deadline to respond to Defendant's discovery requests.  (*Id.*)

Based on the parties' joint statement, and because it appeared that the discovery disputes would be fully resolved, the Court denied Defendant's motion to compel as moot.  (ECF No. 31.)  The Court extended the deadline for Plaintiff to serve responses to Defendant's Request for Production of Documents and Interrogatories, Set One, to July 10, 2025, and extended the deadline for filing motions for summary judgment for failure to exhaust administrative remedies from July 1, 2025 to September 8, 2025.  (*Id.*)  All other requirements set forth in the Court's December 2, 2024 discovery and scheduling order and April 2, 2025 order, (ECF Nos. 24, 27), were to remain in place.  (*Id.*)

On July 15, 2025, defense counsel called Plaintiff to discuss the outstanding discovery

3

requests. Plaintiff admitted that he did not work on it.  (Zhou Decl. ¶ 13.)

On August 18, 2025, Defendant filed the instant motion to dismiss or, in the alternative, to compel Plaintiff to respond to Defendant's discovery request and order Defendant's requests for admissions deemed admitted.  (ECF No. 32.)  Plaintiff did not file a response to the motion.  On September 12, 2025, Defendant filed a notice of Plaintiff's failure to oppose the motion to dismiss and requested that Court deem Plaintiff's failure to file any opposition as a waiver and dismiss this action in its entirety with prejudice.  (ECF No. 33.)

### III.    Defendant's Motion to Dismiss

Defendant moves to dismiss for Plaintiff's failure to prosecute and as a sanction based on Plaintiff's repeated failure to respond to Defendant's discovery requests and to comply with the Court's order.  Defendant contends that Plaintiff's continuous, dilatory tactics have inhibited an expeditious resolution of this matter, interfered with the Court's need to manage its docket, and severely prejudiced Defendant.  (ECF No. 32 at 3.)

### A.  Legal Standard

The Federal Rules of Civil Procedure specifically contemplate dismissal as a sanction for failing to comply with the rules of discovery or a court order.  Rule 37 permits a court to dismiss an action or proceeding if a party fails to obey a discovery order or fails to respond to interrogatories propounded under Rule 33 or requests for inspection under Rule 34.  Fed. R. Civ. P. 37(d)(1)(A)(ii), 37(b)(2)(A)(v). "Dismissal, however, is authorized only in 'extreme circumstances' and only where the violation is 'due to willfulness, bad faith, or fault of the party.'"  *In re Exxon Valdez*, 102 F.3d 429, 432 (9th Cir. 1996) (citation omitted).  Similarly, Rule 41(b) also provides for dismissal of an action for failure to prosecute or failure to comply with the rules of civil procedure or a court order.  Fed. R. Civ. P. 41(b).

Additionally, Local Rule 110 provides that the failure of a party to comply with any local rule or order of the court may result in the imposition of "any and all sanctions authorized by statute or Rule or within the inherent power of the Court."  District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate ... dismissal." *Thompson v. Hous. Auth.*, 782 F.2d 829, 831 (9th Cir.

4

1   1986).  Terminating sanctions may be warranted where "discovery violations threaten to interfere

2   with the rightful decision of the case." *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*,

3   482 F.3d 1091, 1097 (9th Cir. 2007).

4                    **B.  Willfulness and Bad Faith**

5           Plaintiff's pro se status does not excuse intentional non-compliance with the Federal Rules

6   of Civil Procedure or court orders. *See Lindstedt v. City of Granby*, 238 F.3d 933, 937 (8th Cir.

7   2000) (affirming sanction of dismissal, holding that "[a] pro se litigant is bound by the litigation

8   rules as is a lawyer. . . .").  In the instant action, Plaintiff has been aware since the Court's

9   issuance of the initial discovery and scheduling order that he would be required to respond to

10  written discovery requests.  (ECF No. 24.)  Plaintiff also was warned multiple times that he was

11  required to act in good faith during the course of discovery and that the failure to do so may result

12  in the payment of expenses or other appropriate sanctions authorized by the Federal Rules of

13  Civil Procedure or the Local Rules, which may include dismissal.  (*See* ECF No. 24 at 1-2; ECF

14  No. 29 at 3.)

15          Defendant has served Plaintiff at least three times with the written discovery requests at

16  issue.  The first time Defendant sent the requests, Plaintiff reportedly failed to receive them.

17  Defendant therefore sent the discovery requests to Plaintiff a second time, rescheduled Plaintiff's

18  deposition, and requested modification of the discovery and scheduling order.  (Zhou Decl. ¶ 5;

19  ECF No. 26.)  The Court granted the modification to accommodate the unexpected delay in

20  Plaintiff's receipt of the written discovery requests and extended the relevant deadlines.  (ECF

21  No. 27.)  Despite these accommodations, the discovery requests sent to Plaintiff a second time

22  were returned to Defendant as "refused."  (Zhou Decl. ¶ 7.)  Defendant then sent the discovery

23  requests to Plaintiff for a third time. (*Id.* ¶ 8.)  Plaintiff again failed to respond, prompting

24  Defendant to file a motion to compel.  (ECF No. 28.)  The parties met and conferred as directed

25  by the Court, with Defendant agreeing to send the written discovery request to Plaintiff for a

26  <u>fourth</u> time and Plaintiff agreeing to respond by July 10, 2025.  (ECF No. 30.)  The Court

27  subsequently ordered Plaintiff to respond to Defendant's written discovery requests by July 10,

28  2025.  (ECF No. 31.)  Plaintiff again failed to respond and when questioned by defense counsel

                                          5

1    admitted that he did not work on it.  (Zhou Decl. ¶ 13.)

2          Plaintiff's conduct was not due to issues outside of Plaintiff's control.  Rather, the record

3    reflects that Plaintiff either refused to receive his mail or refused to work on his responses.

4    "[D]isobedient conduct not shown to be outside the party's control is by itself sufficient to

5    establish willfulness, bad faith, or fault."  *Sanchez v. Rodriguez*, 298 F.R.D. 460, 463 (C.D. Cal.

6    2014).  Further, Plaintiff has not filed an opposition to Defendant's motion to dismiss, such that

7    the Court may evaluate his reasons for not responding, and thus appears to have abandoned his

8    prosecution of this action.

9          Based on the foregoing, the Court concludes that Plaintiff's conduct constitutes willful

10   disregard of his discovery obligations and the Court's orders, and bad faith in an effort to avoid

11   responding to written discovery.  The Court now turns to the issue of whether terminating

12   sanctions are appropriate.

13                         **C.  Terminating Sanctions**

14         The Court must consider five factors in deciding whether terminating sanctions are

15   warranted: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to

16   manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring

17   disposition of cases on their merits; and (5) the availability of less drastic alternatives.  *Ferdik v.*

18   *Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992); *Henderson v. Duncan*, 779 F.2d 1421, 1423

19   (9th Cir. 1986); *see also Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

20         The public's interest in expeditious resolution of litigation weighs in favor of dismissal.

21   The Ninth Circuit has explained that "[t]he public's interest in expeditious resolution of litigation

22   always favors dismissal."  *Pagtalunan*, 291 F.3d at 642 (citation omitted).  Here, Plaintiff's

23   conduct has delayed the proceedings and has deprived Defendant of his right to written discovery.

24   The Court has had to delay discovery deadlines multiple times because of Plaintiff's refusal to

25   respond to discovery.  Thus, the first factor weighs in favor of dismissal of this action.

26         The second factor focuses on whether a particular case has "consumed large amounts of [a

27   district] court's valuable time that it could have devoted to other major and serious criminal and

28   civil cases on its docket."  *See Ferdik*, 963 F.2d at 1261 ("It is incumbent upon us to preserve the

district courts' power to manage their dockets without being subject to the endless vexatious noncompliance of litigants like Ferdik."). As detailed in this order, the Court has devoted time and resources addressing modifications of the scheduling order and a motion to compel discovery due to Plaintiff's failure to respond to written discovery. Further, because of Plaintiff's conduct, the Court also is required to devote substantial time to assess whether dismissal is appropriate. Plaintiff's conduct has diverted the Court from other cases and has required the Court to expend its limited resources addressing his failure to respond to written discovery. The Court cannot effectively manage its docket if Plaintiff fails to comply with court orders or with his discovery obligations. Thus, the second factor also weighs in favor of dismissal.

The third factor—prejudice to Defendant—also favors dismissal. "A defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir.2006) (quoting *Adriana Int'l Corp. v. Thoerren*, 913 F.2d 1406, 1412 (9th Cir.1990)). Defendant has been unable to obtain discovery of evidence and facts, preventing him from evaluating and defending against Plaintiff's claims. Defendant also has been required to expend time and resources to seek Plaintiff's responses, and Plaintiff's repeated failure to respond has resulted in delay of the proceedings.

The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *In re PPA*, 460 F.3d at 1228; *Pagtalunan*, 291 F.3d at 643. However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. *In re PPA*, 460 F.3d at 1228 (citation omitted).

Finally, a district court must consider the impact of a sanction and whether a less severe sanction would adequately address a party's failure to engage in the discovery process. *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 131–32 (9th Cir. 1987). The Court has considered lesser sanctions, but finds no lesser sanction is warranted. Evidentiary sanctions would be ineffective, as Plaintiff would still be able to testify to information that he withheld from Defendant and the Court would have no practical way of excluding such testimony. Monetary sanctions are also

7

ineffective because of Plaintiff's *in forma pauperis* status. He would likely be unable to pay any monetary sanctions. Additionally, the Court warned Plaintiff about the consequences of the failure to act in good faith during the course of discovery, but Plaintiff's conduct, including his failure to respond to the motion to dismiss, has indicated no intent to comply with the Court's orders or to respond to written discovery. Thus, issuing an order to compel Plaintiff's responses and/or continuing discovery deadlines is likely to have little effect. The Court finds that there are no other, lesser sanctions that would be satisfactory or effective.

Further, the Court's orders expressly warned Plaintiff that if he failed to act in good faith during the course of discovery, then he may be subject to sanctions, including terminating sanctions. (ECF Nos. 24, 29.) The Court's warning to a party of the consequences of his bad faith or dilatory conduct satisfies the "considerations of the alternatives" requirement. *See Henderson*, 779 F.2d at 1424. Plaintiff had adequate warning that dismissal could result from his lack of good faith conduct in discovery.

### IV.    Conclusion and Recommendation

Having considered the relevant factors, the Court finds that terminating sanctions are justified and HEREBY RECOMMENDS that:

1.    Defendant's motion to dismiss for failure to prosecute under Rule 37 and 41(b), (ECF No. 32), be GRANTED.

2.    Defendant's alternate request to compel Plaintiff to respond to Defendant's discovery requests and order Defendant's requests for admissions deemed admitted be DENIED as moot.

3.    This action be DISMISSED with prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages or include exhibits. Exhibits may be referenced by document and page**

8

number if already in the record before the Court.  Any pages filed in excess of the 15-page limit may not be considered.  The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

    Dated:   **October 22, 2025**           /s/ *Barbara A. McAuliffe*

                                     UNITED STATES MAGISTRATE JUDGE